Baldwin, J.
The instruction moved for by the defendant in the action must be taken as conceding that the injury in question was occasioned by his negligence. He asked the Court to instruct the jury, that “if they *153 should believe from the evidence, that the plaintiff’s wood was cut off the defendant’s land with his consent, and was lying thereon, and that the defendant, with a view of clearing another part of the land, set fire to the rubbish on the last mentioned pare of his land, and not with the intention of burning the plaintiff’s wood, and the fire escaped from him, and passed on to the part of the land where the plaintiff’s wood was lying, and consumed it, that this action will not lie, and the jury must find for the defendant.” It will be seen that the proposed instruction did not assert that the fire was kindled with due precaution and circumspection, or that it escaped from the defendant without his default, or that he made the proper efforts to arrest it. It cannot be doubted, therefore, in the case supposed, that the plaintiff is entitled to redress, and the question we have to decide is, whether he has sought it in an improper form, by an action of trespass, instead of an action of trespass on the case.
The distinction as to the proper form of action, where the injury to the plaintiff is occasioned by an act of the defendant, is thus stated by an approved writer: “ If the injury be forcible, and occasioned immediately by the act of the defendant, trespass vi et armis is the proper-remedy ; but if the injury be not in legal contemplation forcible, or not direct and immediate on the act done, but only consequential, then the remedy is by action on the case.” 1 Chit. Pl. 122. The force adverted to in this passage, it will be seen, is not merely actual force but also force implied by law; and as the law always implies force where the injury is immediate to the person/ or property of another, it is obvious that the substantial' distinction is between direct and immediate injuries on the one hand, and those mediate or consequential on the other. And so it is regarded by Blackstone in his Commentaries, vol. 3, p. 123, where he says: “ It is a settled distinction, that where an act is done which .is in itself *154 an immediate injury to another’s person or property, there the remedy is usually by an action of trespass vi et armis; but where there is no act done, but only a culpable omission; or where the act is not immediately but only by consequence and collaterally; there no action of trespass vi et armis will lie, but an action on- the special case, for the damages consequent on such omission or act.” And again, in the same vol. p. 208, 9, the author says: “ Whenever the act itself is directly and immediately injurious to the person or property of another, and therefore necessarily accompanied with some force,, an action of trespass vi et armis will lie ; but if the injury is only consequential, a special action of trespass on the case may he brought.” And to the same effect, Lord Oh. J. De Grey said in the noted case of Scott v. Shepherd, 3 Wils. 403, “ Whether the injury occasioned by the act be immediate and direct or not is the criterion; and not whether the act be unlawjful or not. If the injury be immediate .and direct, it is «trespass vi et armis, if consequential, it will be trespass on- the case.”
The distinction thus taken is perhaps..as well drawn as it could be in a brief definition, but there is some degree of vagueness in the terms employed, so as to vary the sense according to the mode or circumstance of the act in reference to which they are understood; and this requires some precision and even nicety in ascertaining the proper mode or circumstance. The terms “ immediate” .and “consequential” should, as I-conceive, be understood, not in reference to the time which the act occupies, or the space through which it passes, or the place from which it is begun, or the intention with which it is done, or the instrument or agent employed, or the lawfulness or unlawfulness of the act; but in reference to the progress and termination of the act, to its being.done on the one hand, and its having been done on the other, f If .the injury is inflicted by the act, at *155 any moment of its progress, from the commencement the termination thereof, then the injury is direct or im-f mediate; but if it arises after the act has been com-V pleted, though occasioned by the act, then it is conse-j quential or collateral, or, more exactly, a collateral consequence. )
There is no better illustration of the distinction than the familiar case, commonly put, of throwing a log into a highway, which in its flight or fall, hits or strikes a person: there the injury is immediate, and the remedy may be trespass; but if, after it has fallen and while lying on the ground, a passenger stumbles over it and is hurt, the injury is consequential, and the remedy must be case.
So, if one digs a ditch or trench, which diverts a stream of water from his neighbour’s land, or makes a dam across the stream, which obstructs or checks its current and throws back the water upon the complainant’s land; if the work be done upon or extended into the plaintiff’s land, there is an immediate injury, from the digging into the plaintiff’s ground, or the throwing up of the earth or stones or logs upon it, to be redressed by an action of trespass vi et armis ; in which the consequential damages from the diversion or reflux of the water may be recovered under a per quod, or by way of aggravation. But if the work be not done upon or extended into the plaintiff’s land, the injury is consequential merely, and can be redressed only by an action of trespass on the case. In these instances, and all others-that can be put, it is the progress of the act or which does the immediate injury; and it is the completion of the act or work which thereafter gives rise to the consequential or collateral injury.
Now, in the case before us, the act of the defendant was the making of a fire, which consumed his own stubble and the plaintiff’s wood: the injury was immediate from the progress of the flames, and did not arise there *156 after, when they had run their course. It is immaterial whether the stubble or the wood was the first consumed, or whether the torch was applied to the wood or to inflammable matter touching it, or near it, or at whatever distance from it, or whether the flames expired with the wood, or extended beyond it. \ The whole conflagration was one continuous, entire, immediate act, embracing in its progress the plaintiff’s property, completed only by the destruction thereof, and followed, as between these parties, by no collateral consequence whatever. It was therefore a trespass; and any mode or circumstance of the act that has been, or can be relied upon, to shew it was not, will be found upon examination to be utterly irrelevant. I
It can avail the defendant nothing that the act was done upon his own land, for it destroyed the plaintiff’s property, which was there by the consent and contract of the parties, and as much under the protection of the law there as if lying on adjacent land of the plaintiff’s. Suppose it had been, and the fire set in motion by the defendant on his own land, had extended into the plaintiff’s, and there consumed the plaintiff’s goods, would not the act have been a trespass, as substantially, if not so obviously, as if the defendant had entered upon the plaintiff’s land and there applied the torch?
A fire let loose by a party on his own land or elsewhere, and sweeping through its course, cannot be divided into imaginary parcels, and some of them treated as collateral consequences of the rest: the whole is one act, as much so as the throwing or rolling of a stone, or the shooting of an arrow, or the firing of a gun, or the exploding of a mine. He who gives a mischievous impulse to matter is the actor, by whatever instrument, or agent he acts, and whether he uses muscular strength or mechanical force, or even moral power, as if he commands or procures another to do the act; or whether he excites or inflames into action some dormant quality or *157 property of a substance, natural or artificial, animate or inanimate. If a man wantonly or carelessly strikes the horse of another, and the animal being thereby stimulated into fright or rage, throws his rider or runs over a stranger, the intermeddler becomes a trespasser. So, if he owns an animal known to be dangerous and turns him loose where he has opportunities of doing mischief, and he does it, the act is the owner’s. Mere acquiescence even, is sometimes treated by the law as activity; as if the owner of animals mansueta) naturas, as cows and sheep, who is presumed to know their natural disposition to rove, suffers them to go at large, and they intrude upon the lands of his neighbours, without their default, he thereby becomes a trespasser vi et armis.
It is no ground of defence to this action that the defendant was engaged in a lawful pursuit and intended no harm, and that his act would have been harmless but for his carelessness or negligence. Ho was not the less a trespasser; and in truth his only ground of defence in this or any proper form of action would have been, that he was in no wise careless or negligent, but had proceeded with due caution and circumspection, and that the injury done by his act was occasioned by unavoidable accident. A man is bound so to conduct himself as to avoid doing damage to the person or property of another, and a slight default will render him responsible : as where he is uncocking a gun and it goes off and accidentally wounds a by-stander: or if, turning round suddenly, he were to knock another down, whom he did not see, without intending it; or whore he accidentally drives a carriage against that of another, though no otherwise blameable than in driving on the wrong side of the road on a dark night, or in driving a horse too spirited, or in pulling the wrong rein, or using imperfect harness. Wakeman v. Robinson, 8 Eng. C. L. R. 300.
I doubt not that trespass on the case might have been maintained for the grievance in question; but it by no *158 means follows that trespass is not also a proper remedy. Where the injury is immediate and attributable to the defendant’s negligence, I can perceive no good reason why the two remedies of trespass and case should not I be concurrent, so that either maybe selected; the action of trespass, founded upon the defendant’s act, against which his negligence can he nojlefence; or the action on the case, founded upon his negligence in doing an act which would have been otherwise lawful. In either form of action, the merits of the case would be the same, would fall under the same issue, appear from the same evidence, turn upon the same responsibility, and receive the same adjudication. It would be difficult to maintain, either upon reason or authority, that in such a case a greater degree of negligence would be required by the action on the case than by the action of trespass. Tuberville v. Stamp, 1 Salk. R. 13, 1 Com. R. 33, was trespass on the case, founded upon the defendant’s making a fire to burn his stubble, which by his negligence burnt the plaintiff’s clothes in his ground adjoining; and the Court held that the defendant “ made it (the fire) and must see that it did no harm, and must answer the damage if it did. Every man must use his own so as not to hurt another: but if a sudden storm had risen which he could not stop, it was matter of evidence and he should have shewn it.” And the principles of that case were expressly approved by the Judges in Vaughan v. Menlove, 32 Eng. C. L. R. 208, which was an action on the case against a party for so negligently constructing a hayrick on the extremity of his own land, that in consequence of its spontaneous ignition, his neighbour’s house had been burnt down ; and in which it was held that it had been properly left to the jury at the trial, whether, with reference to the caution which would have been observed by a man of ordinary prudence, the defendant had not been guilty of gross negligence. In the latter case, it will be observed, *159 that the fire was not made by the defendant, but sprung from the negligence with which he made and kept his rick; and therefore it was not the case of a negligent act, but of a negligent omission. l/;f ' , -- Í : . <
The forms of action must, it is true, be preserved, but it is much to be regretted that between their narrow jurisdictions, the merits have been too often lost by a confusion or mistake of boundaries. The best security against the evil is to lean, so far as authority allows, to a concurrence of remedies, when the due administration of justice does not require the exclusion of one by another. The subject, it seems to me, as regards the actions of trespass and case, for acts immediately injurious, is placed on a solid and judicious footing by the cases of Williams v. Holland, 25 Eng. C. L. R. 50, and Percival v. Hickey, 18 John. R. 257, besides others, recognizing the principle that where an act, though not wilful, is the result of negligence and the immediate and direct cause of an injury, trespass vi et armis will lie; and that trespass on the case will also lie, though the act be violent and the injury immediate, unless wilful, if occasioned by the carelessness or negligence of the defendant.
I think the judgment of the Circuit Court ought to be affirmed.
The other Judges concurred in the opinion of Baldwin, J.
Judgment affirmed.